JOAN E. P. FICARA *v.* JOSEPH P. FICARA

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 4—decided October 31, 1962

*George J. Coyle,* for the appellant (defendant).

*Edward R. Doyle,* with whom was *Frederick J. Rundbaken,* for the appellee (plaintiff).

PER CURIAM. In this action, the plaintiff sought a divorce on the ground of intolerable cruelty. She asked alimony and the custody of, and an allowance for the support of, a minor child. In a counterclaim,

the defendant sought a divorce on the ground of intolerable cruelty, together with custody of the child. During the course of the trial, the counterclaim was withdrawn. The plaintiff was granted a divorce, custody of the child, then between four and five years of age, and an allowance for the child's support in the amount of $10 a week. The defendant was accorded liberal visitation and temporary custody rights. Subsequent modifications of the award are immaterial in the determination of this appeal.

The only assignments of error briefed involve certain exclusionary evidential rulings. The questions excluded were asked of the plaintiff's psychiatrist, who was called as a witness by the defendant.[1] A claim of error in a ruling on evidence must be determined on the basis of the finding. Practice Book § 405. The rulings complained of are not stated in the finding as made or in any of the paragraphs which the defendant sought, by his draft finding, to have added to the finding. The rulings are not before us for review.

We may add that an inspection of the appendix indicates that, owing to the persistence of the defendant, he succeeded in procuring the admission of most, if not all, of the evidence previously excluded. This fact is confirmed by the defendant's claims—set forth in a portion of his draft finding—as to the facts proved by him concerning the plaintiff's neurotic condition.

There is no error.

---

[1] This case was tried and went to judgment before the effective date of § 52-146a, which to some extent modifies our common-law rule according no privilege to information acquired by a physician in a professional capacity. See cases such as *Zeiner* v. *Zeiner*, 120 Conn. 161, 167, 179 A. 644.